| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| EREIC WILLIAM CAMACHO,<br><br>     Plaintiff,<br>v.<br><br>ANNETTE S. PLESE, et al.,<br><br>     Defendants. | CASE NO. C18-0087JLR<br><br>ORDER OF DISMISSAL |

Plaintiff Ereic William Camacho brought this suit against Defendants Annette Plese, a Spokane Superior Court Judge, and the Spokane County Superior Court Office of the Clerk of Court Collection and Enforcement ("Clerk's Office") (collectively, "Defendants") alleging injuries that arise from his having to pay state court fines related to his prior offenses and requesting $1,000,000.00 in damages. (Compl. (Dkt. # 3) at 4-6.) Mr. Camacho, therefore, appears to be alleging a 42 U.S.C. § 1983 claim. (*See generally* Compl.) There are two dispositive problems with Mr. Camacho's action: (1) venue is improper; and (2) both Defendants are immune from suit.

ORDER - 1

1 　　　　　Under 28 U.S.C. § 1391(b), in relevant part, a civil action may be brought, "in a
2 judicial district in which any defendant resides, if all defendants are residents of the State
3 in which the district is located; [or] a judicial district in which a substantial part of the
4 events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Both
5 Judge Plese and the Clerk's Office reside in Spokane, Washington, which is within the
6 judicial district of the Eastern District of Washington. (*See* Compl. at 2.) Moreover, the
7 events complained of all occurred in Spokane. (*See id.* at 3-4.) Thus, this court is not the
8 proper venue.

9 　　　　　If venue is improper, then the court "shall dismiss, or if it be in the interest of
10 justice, transfer such case to any district or division in which it could have been brought."
11 28 U.S.C. § 1406(a). Here, the court finds that a transfer to the Eastern District of
12 Washington is not in the interest of justice because Mr. Camacho's claims are without
13 merit. *See Akers v. Watts*, 740 F. Supp. 2d 83, 98 (D.D.C. 2010) (declining to transfer
14 inmate's civil rights action because the case was not meritorious). In particular, Mr.
15 Camacho has brought suit against immune Defendants. "Judges and those performing
16 judge-like functions are absolutely immune from damage liability for acts performed in
17 their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *see*
18 *also Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)
19 ("Court clerks have absolute quasi-judicial immunity from damages for civil rights
20 violations when they perform an integral part of the judicial process."). In addition,
21 "[u]nder well-settled Washington law, city and county departments are not legal entities
22 subject to suit." *Lee v. City of SeaTac Police Dept.*, No. C12-0194RSL, 2013 WL

4039384, at *2 (W.D. Wash. Aug. 7, 2013) (citing *Nolan v. Snohomish Cty.*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of being sued.")); *see also* RCW ch. 36.23 (organizing county clerk's office as a county entity).

Because Mr. Camacho brought suit in an improper venue and against immune Defendants, the court DISMISSES the case without prejudice to refiling it in the proper judicial district and against a proper defendant.

Dated this 22 day of February, 2018.

JAMES L. ROBART
United States District Judge